UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **NAVADA N. FOSTER** | **CIVIL ACTION NO. 07-1253** |
| **VS.** | **SECTION P** |
| **OUACHITA CORRECTIONAL CENTER** | **JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

<u>REPORT AND RECOMMENDATION</u>

  Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on July 24, 2007, by *pro se* plaintiff Navada N. Foster.  Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections.  He is incarcerated at the Ouachita Parish Correctional Center (OCC), Monroe, Louisiana.  He complains that he has been denied prompt and adequate medical care and prays for an unspecified amount of damages for pain and suffering.  The OCC is the only named defendant.  This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S. §636 and the standing orders of the court.  For the following reasons it is recommended that the complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous.

*Statement of the Case*

  Plaintiff's Statement of Claim is difficult to decipher.  According to plaintiff, he was incarcerated at OCC in October 2006.  Sometime during that month an appointment with some unnamed physician was scheduled for some unspecified date in either December 2006 or January 2007.  However, in November 2006 he filled out a "sick call" request and was taken to E.A.

1

Conway Hospital. The staff at E.A. Conway contacted the Louisiana State University (Medical Center) to determine whether plaintiff was scheduled for an appointment. It was discovered that an appointment had been scheduled for October 2006 and rescheduled for January 2007. According to plaintiff "... the official told me that an appointment had been set, but I've still been ignored my call of agony." [doc. 1-1, paragraph IV]

On June 19, 2007, plaintiff submitted an Administrative Remedy Procedure grievance in which he alleged

> I became incarcerated in October 06; Between Dec. 06 and Jan. 07 I had an appointment at E.A. Conway concerning a tumor on my jaw. I informed the doctor at that time that I had already been told by another doctor that it needed to be removed surgically. Supposedly an appointment was set for surgery but I still haven't received any information concerning this matter. It has been several months now. I would like this matter to be resolved.

On the same date, the Shift Supervisor advised plaintiff, "Go to sick call and speak with Sgt. Broadway..." Plaintiff, however, rejected this response. [doc. 1-1, p. 5]

On June 20, 2007, the Lieutenant addressed plaintiff's appeal and noted, "If you have a medical problem you must fill out a sick call slip and see medical." Again, plaintiff rejected this response. On June 25, 2007, the Assistant Warden responded to plaintiff's complain, "What do you not understand? Medical problems must go through medical channels. Go to sick call." [doc. 1-1, p. 6]

Apparently, instead of heeding this advice, plaintiff filed the instant suit.

*Law and Analysis*

*1. Initial Review*

When a prisoner sues an officer or employee of a governmental entity pursuant to

2

42 U.S.C. §1983,  the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2).  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if  it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint.  Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991).  A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits  alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).  District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous.  *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A.*

3

*(Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's original complaint and his administrative remedies procedure grievance recite the facts relied upon to support his specific theories of liability. Therefore, further amendment of these pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true, the undesigned concludes, for the reasons stated hereinafter, that he plaintiff's claims are frivolous.

## 2. Juridical Person

Plaintiff has named the Ouachita Corrections Center as his only defendant. Fed. R. Civ. P. 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether OCC has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24.

OCC is apparently a parish corrections facility operated by the Sheriff of Ouachita Parish. [Compare La. Atty. Gen. Op. No. 03-0437, 2003 WL 23146623; see also, *Langley v. City of Monroe*, 582 So.2d 367 (La. App. 2d Cir. 1991) and La. R.S.15:702 (The parish governing authority is charged with the duty to provide a good and sufficient jail and to provide for the physical maintenance of parish jails and prisons; however, the administration of such jails is within the province of the sheriff who has the duty of operating the jail and insuring that prisoners are properly cared for, fed and clothed.)] As such, it is not a "juridical person" and plaintiff cannot maintain suit against this entity.

Further, to the extent that plaintiff's complaint is with the Ouachita Parish Sheriff's Office, it is also subject to dismissal. In Louisiana the Parish Sheriff's Offices are not legal

entities capable of suing or being sued. *Ruggiero v. Litchfield*, 700 F.Supp. 863, 865 (M.D.La.1988).

In other words, the State of Louisiana has not granted juridical status to either the Sheriff's Office or to the penal institutions administered by the Sheriff. Plaintiff's suit naming only this non-juridical entity as defendant is patently frivolous.

### 3. Medical Care

Further, even if plaintiff were permitted to amend to name proper defendants, his claim would fare no better. Plaintiff implies that he was and continues to be denied appropriate and adequate medical care while incarcerated at OCC.

Medical care claims asserted by convicted prisoners, like plaintiff, are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment. In order to prevail on such claims, convicts must establish that the refusal or delay in providing medical care was "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Thus, if plaintiff were permitted to amend his complaint to name the individuals he claims are responsible for the denial of medical care, he would have to allege facts sufficient to establish that these defendants have shown deliberate indifference to his serious medical needs.

Deliberate indifference in the context of the failure to provide reasonable medical care to a convicted prisoner means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. *Thompson v. Upshur County, Texas*, 245 F.3d at 458-59. "[T]he failure to alleviate a

significant risk that [the official] <u>should have perceived</u>, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001)(emphasis supplied). Moreover, "deliberate indifference cannot be inferred merely from <u>a negligent or even a grossly negligent response</u> to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459 (emphasis supplied). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999). The fact that a plaintiff disagrees with what medical care is appropriate does not state a claim of deliberate indifference to serious medical needs. See *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997).

  Plaintiff has not alleged facts sufficient to establish deliberate indifference in this context. Plaintiff has provided copies of the grievances he submitted to the OCC administration. The responses to these grievances clearly outline for plaintiff the steps he must take to obtain proper care and treatment. Further, by his own admission, when he previously submitted a "sick call" request, he was taken shortly thereafter to the E.A. Conway Hospital. [doc. 1-1, paragraph IV]

  In short, plaintiff has not shown that <u>anyone</u> at OCC was aware of facts from which an inference of substantial risk of serious harm could be drawn. Further, even if he had made such a showing, he has failed to show that anyone at OCC actually drew such an inference. Finally, from the evidence submitted, including the staff responses to plaintiff's grievances, it does not appear that anyone at OCC possessed a subjective intention that some harm befall the plaintiff. *Compare Thompson v. Upshur County, Texas*, 245 F.3d 447, 458-459 (5th Cir.2001).

  The facts alleged herein, taken as true for the purposes of this Report, do not establish

6

that the staff at OCC was deliberately indifferent to any serious medical needs.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 29th day of October, 2007.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE